UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL ERIC COBBLE,

    *Petitioner*,

v.

U.S. ATTORNEY GENERAL,

    *Respondent*.

Civil Action No. 24-3007 (TJK)

## MEMORANDUM

On October 15, 2024, Daniel Eric Cobble filed his Instant Petition for Writ of Mandamus. ECF No. 1. The Court ordered Petitioner to "serve" Respondent "in compliance with Federal Rule of Civil Procedure 4" by May 14, 2025. Min. Order of Feb. 13, 2025. Following that order, Petitioner filed a Notice claiming that Respondent "has already been served." ECF No. 10 at 1. But because that Notice did not show that Respondent had been served as required by Rule 4, the Court entered another order outlining Petitioner's service obligations in great detail and ordering him to, "by May 14, 2025, either (1) cause process compliant with Rule 4 to be served on Respondent and file proof of service with the Court, or (2) move to enlarge time to serve process and show good cause for failing to serve process timely." Min. Order of Mar. 10, 2025.

Then, on April 14, 2025, the Court received Petitioner's Notice of Alternative Evidence, purportedly proving that Respondent "was served" on February 27, 2025, by U.S. Mail. ECF No. 37. For the reasons discussed in the Court's Minute Order of March 10, 2025, Petitioner's Notice does not establish that Respondent has been served in accordance with Rule 4. First, under Rule 4(c)(2), a process server may be "[a]ny person who is at least 18 years old and not a party." Thus, even when service-by-mail is otherwise acceptable, service is still improper under Rule 4(c)(2)

when a plaintiff personally mails process. *Johnson-Richardson v. Univ. of Phx.*, 334 F.R.D. 349, 353 (D.D.C. 2020). But nowhere in Petitioner's Notice—or in any of his other filings—does Petitioner assert that anyone other than he placed the relevant process in the mail.

Second, under Rule 4(i), a party suing an officer of the United States must:

> (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office.

Fed. R. Civ. P. 4(i)(1)(A). Nothing in Petitioner's Notice, especially considered in conjunction with his Certified Mail Receipt, ECF No. 10 at 4, so much as implies that Petitioner has ever served the United States Attorney. So Petitioner's Notice does not show that he has "cause[d] process compliant with Rule 4 to be served on Respondent" as required by the Court's Minute Order of March 10, 2025. And because the Court has already warned Petitioner that failure to timely serve or to show good cause for an extension could "result in dismissal of this action," Min. Order of Mar. 10, 2025, the Court will dismiss this case without prejudice.

\*   \*   \*

For all the above reasons, the Court will sua sponte dismiss the case for failure to properly serve process. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 15, 2025